[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

_____

No. 10-15379
Non-Argument Calendar

_____

D.C. Docket No. 4:09-cr-00041-RLV-WEJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHIE WILLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 13, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Richie Willis appeals the 120-month sentence imposed following his guilty

plea to drug and firearm charges. After a thorough review of the record, we

conclude Willis's sentence is reasonable and thus affirm.

Willis was indicted for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3), after a cooperating individual informed authorities that Willis was her methamphetamine supplier. The informant made several controlled purchases from Willis. Following the second purchase, Willis was stopped by state troopers and a search revealed a handgun in the car and two ounces of methamphetamine on Willis's person. During a subsequent search of Willis's home, police found one and a half pounds of methamphetamine and $11,000. Willis pleaded guilty to all three counts of the indictment.

The probation officer determined the applicable guideline range for Counts 1 and 2 was 87 to 108 months' imprisonment, but there was a statutory mandatory minimum of 120 months' imprisonment. Count 3 carried a mandatory minimum of 60 months' imprisonment, to run consecutively to Counts 1 and 2. The government moved for a reduction in sentence based on substantial assistance, 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, which permitted the court to impose a

sentence below the mandatory minimum, and proposed a downward departure of thirty percent on Counts 1 and 2. The government specified that its motion did not apply to Count 3. Willis requested a downward variance based on the sentencing factors in 18 U.S.C. § 3553(a). The district court granted a variance[1] and sentenced Willis to 60 months' imprisonment on Counts 1 and 2, with a consecutive 60-month term on Count 3. The court noted Willis's family support and the fact that his arrest was a likely deterrent to future criminal conduct. The court then explained that it had taken into consideration the sentence given to the confidential informant, the government's suggested sentence, and the § 3553(a) factors, and had determined that the sentence imposed was a reasonable one. This is Willis's appeal.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the

---

[1] In response to the government's question, the court clarified that the reduction was a downward variance rather than a downward departure.

public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). Willis has the burden of establishing that the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.[2] *Gall*, 552 U.S. at 51. Reversal is only proper if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The weight to be given any particular factor is left to the sound discretion of the district court absent a clear error of judgment. *Id.* The district court's sentence does not have to be the

---

[2] Willis does not argue that his sentence was procedurally unreasonable.

most appropriate sentence, but rather "need only be a reasonable one." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 1315 S.Ct. 1813 (2011).

In this case, we conclude that Willis's 120-month total sentence is substantively reasonable. The district court imposed a 60-month sentence for Counts 1 and 2, which was below the applicable guideline range of 87 to 108 months, well below the maximum sentence of life imprisonment, and below the mandatory minimum sentence of 120 months. Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Additionally, we have previously found a sentence well below the maximum sentence available for the offense to be substantively reasonable. *United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Although Willis argues that a lower sentence would be sufficient under § 3553(a)(2), he has not demonstrated that his sentence was outside the range of reasonable sentences. *Pugh*, 515 F.3d at 1191. The record shows that in reaching its sentencing decision, the court noted that it had sentenced Willis to 10 months less than the sentence the confidential informant received. *See* 18 U.S.C.

§ 3553(a)(6). With regard to Count 3, the court ordered Willis to serve the statutory mandatory minimum sentence of 60 months, which the court was required to do. *United States v. Simpson*, 228 F.3d 1294, 1303, 1304 (11th Cir. 2000). The record also indicates that the court did not rely on the need to avoid unwarranted sentencing disparities "single-mindedly" to the detriment of all the other § 3553(a) factors. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). Rather, the court listened to the arguments of both sides in making its decision.

Because Willis has not met his burden to show an abuse of discretion, we affirm the sentence as reasonable.

**AFFIRMED.**